

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORPORATE SAFE SPECIALISTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 05 C 3421 |
| TIDEL TECHNOLOGIES, INC., and TIDEL ENGINEERING, L.P., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Corporate Safe Specialists, Inc. (CSS) brought this action against defendants Tidel Engineering, L.P., and its parent company, Tidel Technologies, Inc., for infringing U.S. Patent No. 6,885,281 B2 ('281 patent). Soon thereafter, Tidel Engineering and Tidel Technologies filed an action in the United States District Court for the Eastern District of Texas, Marshall Division, seeking a declaration of non-infringement of both the '281 patent and another patent that CSS owns. In our Memorandum Opinion and Order dated July 15, 2005, we granted Tidel Technologies' motion to dismiss for lack of personal jurisdiction, but deferred judgment on Tidel Engineering's motion to transfer. We now grant that motion pursuant to 28 U.S.C. § 1404(a); however, we are not transferring the action to defendant's requested court, the Marshall Division of the Eastern District of Texas, where its declaratory judgment action is pending. Rather, we transfer the action to the Dallas Division of the Northern District of Texas.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." In light of this statute, courts consider three factors when deciding a motion to transfer: (1) whether venue is proper in both the transferor and transferee courts, (2) whether transfer is convenient for the parties and witnesses, and (3) whether transfer is in the interests of justice. Coffey v. Van Dorn Iron Work, 796 F.2d 217, 219 (7th Cir. 1986). The moving party must also show that transfer will promote the efficient administration of justice. Energaire Corp. v. E.S. Originals, Inc., 1999 WL 1018039 at *1 (N.D.Ill. 1999). As latitude and subtlety are required when balancing the relevant considerations, the decision to transfer rests in the sound discretion of the court. Coffey, 796 F.2d at 219. We will analyze each factor in turn.

Federal statute provides that civil actions for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in any judicial district in which it is subject to the court's jurisdiction at the time suit is filed. 28 U.S.C. § 1391(c). As Tidel Engineering is subject to personal jurisdiction in both this district and the Eastern and Northern Districts of Texas, venue is proper in all three fora.

When considering the convenience of the parties and witnesses, the court weighs a variety of relevant interests: (1) plaintiff's choice of forum, (2) the situs of material events, (3) ease of access to sources of proof, and (4) convenience to the parties. Berol Corp. v. BIC Corp., 2002 WL 1466829 at *4 (N.D.Ill. 2002). In general, the plaintiff's choice of forum is given significant weight, especially when it is the plaintiff's home forum, as in this case. *See* Institute for Human Potential, Inc. v. Dr. John T. McDonald Foundation, Inc., 2001 WL 709458 at *2 (N.D.Ill. 2001). However, the choice warrants less deference when the chosen forum "lacks any

significant contact with the underlying cause of action." *Id.* (quoting Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048, 1050 (N.D.Ill. 1982)); *see also* Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D.Ill. 1995)(lessening the weight given to plaintiff's choice of forum where it "has relatively weak connections with the operative facts giving rise to the claim"). The underlying cause of action is Tidel Engineering's alleged infringement of CSS' patent. While the allegedly infringing devices were admittedly sold in Illinois, they were also sold in other fora nationwide. Connection to the forum is not strong when based on sales that are occurring across the country. Berol, 2002 WL 1466829 at *4; Anchor Wall Systems, Inc. v. R & D Concrete Products., Inc., 55 F.Supp.2d 871, 874 (N.D.Ill. 1999). Although this factor weighs in favor of plaintiff, its relevance is minimized given the forum's tenuous connection to defendant's infringement.

The second factor, situs of material events, weighs strongly in favor of transfer. In intellectual property cases such as this patent infringement action, the focus is on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." H.B. Sherman Manufacturing Co. v. Rain Bird National Sales Corp., 979 F.Supp. 627, 630 (N.D.Ill. 1997)(quoting Habitat Wallpaper & Blinds, Inc. v. K.T. Scott, Ltd., 807 F.Supp. 470, 474 (N.D.Ill. 1992); *see* Berol, 2002 WL 1466829 at *4; Energaire Corp., 1999 WL 1018039 at *3. Tidel Engineering's place of business is Carrollton, Texas, which is in the Northern District of Texas, and only a few miles from the border of the Eastern District. The allegedly infringing device was designed, developed and marketed in Carrollton. Records relevant to the product's development are housed in Carrollton, and many of Tidel Engineering's employees who have worked on the product live in nearby counties. Therefore, Carrollton,

Texas, and its environs have a stronger connection to the facts giving rise to CSS' claim than the Northern District of Illinois.

The various considerations for transfer often overlap. As the situs of material events, Carrolltown, Texas, and the surrounding area are home to much of the relevant evidence. Thus, transfer to Texas would provide easier access to this evidence. The focus of this action is Tidel Engineering's SENTINEL cash security system. Documents related to this device and witnesses familiar with its development, use and sale, reside in or near both the Northern and Eastern Districts of Texas. Defendant has identified six relevant witnesses who live near Carrolltown. However, the weight of this factor is somewhat counterbalanced by Tidel Engineering's and Tidel Technologies' declaratory judgment action, which indicates that they will call the validity of CSS' patent into question. As CSS' documents and the three inventors of its technology are located in Illinois, access to these materials and witnesses would be more convenient from the Northern District of Illinios.

Our final consideration under this prong is the convenience of the parties. CSS places much emphasis on the fact that Carrollton, Texas, is 150 miles from Marshall, Texas, where the federal district court for the Marshall Division of the Eastern District of Texas sits. It argues that this distance renders transfer to Texas an inconvenience for all parties involved. CSS asserts that it will not be much more time-consuming for Tidel Engineering to fly to Chicago to appear in court than it would be to drive the 150 miles from Carrollton to Marshall. Most who have flown into or out of O'Hare airport would probably beg to differ. However, CSS' underlying argument concerning the inconvenience of Marshall, Texas, is valid in light of the fact that there are two federal district courts that are considerably closer to Carrollton than the court in Marshall. The Marshall Division of the Eastern District is not easily accessible for

plaintiff, and creates a seemingly unnecessary burden for defendant's witnesses (though considerably less of a burden than flying to Chicago). Both the Sherman Division of the Eastern District and the Dallas Division of the Northern District are closer to Carrollton, relevant evidence, probable witnesses, and the Dallas airport. However, the Sherman Division is less convenient than the Dallas Division in light of the fact that at this time no federal district judge is assigned to sit in Plano, Texas, one of the two courts in the Sherman Division. With no judge in Plano, a suburb of Dallas less than twenty miles from Carrollton, all of the division's cases are processed in Sherman, a community about sixty miles from Carrollton.

Finally, we consider whether transfer is in the interest of justice. This prong focuses on the efficient administration of the courts. Coffey, 796 F.2d at 221. Relevant considerations include whether the transferee district is more likely to provide a speedy trial and whether transfer would allow for consolidation of litigation. *Id.* The parties compared judicial efficacy in the Northern District of Illinois and the Eastern District of Texas. We add the Northern District of Texas to the comparison. The parties agree that in 2004 the Northern District of Illinois and the Eastern District of Texas disposed of cases in about the same amount of time – 5.9 months and 6.5 months, respectively. The Northern District of Texas was in the same range at 7.4 months. There is more of a discrepancy in how quickly the various courts brought cases to trial. The average time from filing a civil action to trial in the Eastern District of Texas was 15.4 months, and in the Northern District of Texas was 21.7 months, while in the Northern District of Illinois it was 28.4 months. In addition to possibly allowing for a speedier trial, transfer of this action may lead to the consolidation of this case with Tidel Engineering's and Tidel Technologies' pending action in the Eastern District of Texas. In light of the relevant considerations, transfer to the Northern District of Texas is appropriate. Though the action

will not occur in plaintiff's chosen forum and some inconvenience to plaintiff will result, the transferee forum's strong connection to the facts giving rise to this litigation, the convenience to the witnesses, and the ease of access to the bulk of the evidence justify transfer.

## CONCLUSION

For the foregoing reasons, Tidel Engineering's motion to transfer is granted, though the action will not be transferred to the Marshall Division of the Eastern District of Texas. Instead, we transfer it to the Dallas Division of the Northern District of Texas.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 28, 2005.